```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**LAJUAN S.L. LOWERY,**

                  **Petitioner,**

      v.                                           **CASE NO. 21-3120-SAC**

**SHERIFF ANDY DEDEKE[1], et al.,**

                  **Respondents.**

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner, a pretrial detainee at the Leavenworth County Jail, proceeds pro se and submitted the filing fee. The court has conducted an initial screening of the petition under Rule 4 of the Rules Governing Section 2254 Cases[2].

### Background

Petitioner is in pretrial custody in two criminal cases, 2017-CR-839 and 2020-CR-096. He seeks habeas corpus relief on the ground that the victim has a personal vendetta against him and that the victim made false charges against him in order to obtain payment from an insurer.

### Analysis

Section 2241 "is the proper avenue by which to challenge pretrial detention." *See Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007). However, requests for pretrial habeas corpus relief are disfavored. *Jones v. Perkins*,

---

[1] The petition incorrectly spells Sheriff Dedeke's name, and the court will direct the clerk of the court to correct the docket.
[2] Rule 1(b) provides that the district court may apply these rules to a habeas corpus petition brought under another provision.

245 U.S 391-392 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."). Accordingly, petitioner's requests for release and the dismissal of the pending criminal are of the sort that are "normally not attainable by way of pretrial habeas corpus." *Capps v. Sullivan*, 13 F.3d 350, 354 (10th Cir. 1993) (internal quotation marks omitted).

The United States Supreme Court has explained that federal courts should not intervene in pending state criminal prosecutions absent "irreparable injury" that "is both great and immediate." *Younger v. Harris*, 401 U.S. 37, 46 (1971) (internal quotation marks omitted). Under the *Younger* abstention doctrine, a federal court must abstain from exercising jurisdiction when the following three conditions are met: "(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings 'involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.'" *Amantullah v. Colo. Bd. Of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999)(quoting *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997), *cert. denied*, 523 U.S. 1005 (1998)). If these conditions are met, "*Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)(citing *Seneca-Cayuga Tribe v. Oklahoma*, 709, 711 (10th Cir. 1989)). In this case, the first condition is met because petitioner

-
-
-

is the subject of two pending state criminal cases. The second condition also is met because the Kansas courts provide petitioner with an adequate forum to litigate his constitutional claims by way of pretrial proceedings, trial, and, if he is convicted, direct appeal, as well as post-conviction remedies. *See Capps*, 13 F.3d at 354 n. 2 ("[F]ederal courts should abstain from the exercise of ... jurisdiction if the issues raised ... may be resolved either by trial on the merits in state court or by other (available) state procedures.")(quotation omitted). The third condition is met because Kansas has an important interest in enforcing its criminal laws through criminal proceedings in its state courts. *In re Troff*, 488 F.3d 1237, 140 (10th Cir. 2007)("[S]tate control over criminal justice [is] a lynchpin in a unique balance of interests" described as "Our Federalism.")(citing *Younger*, 401 U.S. at 44).

The *Younger* abstention doctrine recognizes exceptions to this principle if the prosecution was undertaken in bad faith or is based upon a patently unconstitutional statute. *Id.* at 46-55. However, petitioner has not made a persuasive argument for such an exception in this case, as he essentially challenges the motivation of the complaining witness. Likewise, petitioner's requests for monetary damages are not properly before the court in this habeas corpus action.

For these reasons, the court concludes this matter should be dismissed without prejudice. Petitioner must present his claims concerning the criminal charges against him to the state district court.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed without prejudice.

IT IS FURTHER ORDERED no certificate of appealability will issue.

IT IS FURTHER ORDERED the clerk of the court shall correct the docket sheet to reflect the respondent's correct surname.

**IT IS SO ORDERED.**

DATED: This 17th day of May, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge